Beth Marie BAILEY, Disabled, by Guy
R. BAILEY, her father and next
friend, Petitioner,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

No. 88–56V.

United States Claims Court.

Dec. 20, 1989.

Michael R. Hugo, Schlichtmann Conway Crowley & Hugo, Boston, Mass., for petitioner.

Michael E. Milmoe, Dept. of Justice, with whom were Asst. Atty. Gen. Stuart M. Gerson and John Lodge Euler, for respondent.

## ORDER FOR ENTRY OF JUDGMENT [1]

BRUGGINK, Judge.

On September 6, 1989, the Special Master entered his Report and Recommendation in this action. He found that petitioner had established that she suffered an encephalopathy as a direct consequence of a DPT vaccination administered on August 18, 1950, and that she met all other requirements for relief under the National Childhood Vaccine Injury Act of 1986. 42 U.S.C. §§ 300aa–1—300aa–34 (Supp. V 1987). After examining the claim for compensation, the Special Master recommended an award of $74,196.00 for medical care and other

---

1. This Order may contain information that may not be disclosed to a nonparty. *See* 42 U.S.C. § 300aa–12 (Supp. V 1987). Accordingly, within fourteen (14) days of the date of filing this Order, the parties shall designate any material subject to § 300aa–12 and such designated material will be deleted for public access. If on review of this Order, there are no objections filed within the fourteen (14) day period, then it shall be deemed that there is no material subject to § 300aa–12.

needs, $8,384.50 for legal fees, $2,785.31 for costs, and $18,830.19 for pain, suffering, and emotional distress. The total recommended award was $104,196.00.

Petitioner has objected to the report and recommendation. Specifically, she objects to the allocation of the $30,000.00 cap on fees, costs, and pain and suffering. It is her position that the Special Master improperly reduced legal fees by awarding a lower hourly rate and by striking certain hours claimed by counsel. While respondent was not represented and did not participate during most of the proceedings below, it has been allowed, over objection, to file a response to petitioner's objection. In substance, respondent contends that the report should be adopted as not being arbitrary, capricious, or an abuse of discretion.

The Special Master allowed 37.86 out of the 49 hours claimed for time spent by partners, at the partner rate. He also allowed an additional 8 hours of partner time at the paralegal rate, but disallowed 2.25 hours of paralegal time. The Special Master reduced the hourly rate claimed for partners from $275 to $200, and reduced the hourly paralegal rate from $65 to $50.

The court has examined the record in light of the recommendation and objection. It agrees with petitioner that, under the unusual circumstances in which petitioner's counsel was contacted and employed in this instance, time spent on February 2, 1989 should be compensated. Accordingly, petitioner's counsel will be compensated for an additional 1.25 hours at the partner rate.

■ As to the reduction in hourly rate for partners, this was based in part on an evaluation of the complexity of the case, and in part on other factors. Regardless of the level of counsel's skills, the court does not find erroneous the Special Master's determination that the case did not call for that full range of abilities. Where, as here, the court agrees with the Special Master's analysis regarding the complexity of the case, it is unnecessary to consider any of the other factors on which the Spe-

cial Master's decision may have been based. *See Zeagler v. Secretary of the Department of Health and Human Services,* 19 Cl.Ct. 151 (1989); *Pusateri v. Secretary of the Department of Health and Human Services,* 18 Cl.Ct. 828 (1989).

■ With respect to the hourly amount claimed for paralegal time ($65), the Special Master reduced that fee to $50 on the ground that it was not based on any "special skill or expertise." The court disagrees with that conclusion. Mrs. Becker, the paralegal in question, is a registered nurse, and has a Master's Degree in nursing. That type of background would be uniquely suited to assisting in evaluating a vaccine claim.

The Special Master's disallowance of 2.25 hours of paralegal time will not be disturbed.

### CONCLUSION

The report of the Special Master is adopted with the exceptions set out above.[2] Accordingly, it is ordered as follows:

The Clerk of the Court shall enter judgment for petitioner in the total amount of $104,196.00, of which $8,758.25 is designated attorney fees, $2,785.31 as costs, and $18,456.44 for pain, suffering and emotional distress.

---

**2.** The court also declines to adopt that portion of the report which recommends a finding that respondent is in default pursuant to Vaccine

Rule 55 and thus unable to participate before the court.